### Billy Lee NEEBLE, Appellant,

v.

### Raul SEPULVEDA, M.D.; Woodrow W. Janese, M.D.; Andrew P. Kant, M.D .; and Houston Northwest Medical Center Survivor, Inc., Appellees.

No. 01–96–01253–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 14, 1999.

John H. Holloway, Houston, for appellant.

Griffin Vincent, Houston, Solace H. Kirkland, Houston, Jeffrey Donald Meyer, Houston, Frank N. Luccia, Houston, Stephen R. Bailey, Houston, D. Wayne Clawater, Houston, David James McTaggartt, Houston, for appellees.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION ON REHEARING

PER CURIAM.

Neeble filed a motion for rehearing, which we deny. We write only to respond to the dissenting opinion on Neeble's motion for rehearing en banc.

The dissent argues we held that unnecessary surgery is not harmful. We have not. A complaint that a physician performed unnecessary surgery can form the basis for a cause of action based on either negligence (misdiagnosis or mistreatment) or battery. Misdiagnosis or mistreatment are negligence issues, not informed consent issues. *Patton v. Saint Joseph's Hosp.*, 887 S.W.2d 233, 247 (Tex.App.—Fort Worth 1994, writ denied). A general negligence question was submitted to the jury, which found that Neeble was negligent, not the doctors.

The dissent also argues we held in our discussion of points of error 14 and 15 that submission of the negligence question somehow encompassed the "issues" of battery (an intentional tort), unnecessary surgery, or informed consent. We instead held that under broad-form question submission Neeble was not entitled to the separate *questions* he tendered.

We deny the motion for rehearing.

A majority of the justices of the Court voted to overrule the motion for rehearing en banc.

Justice O'CONNOR dissenting from the overruling of the motion for rehearing en banc. Dissenting opinion attached.

O'CONNOR, J., dissenting from denial of en banc.

I dissent from the en banc court's denial of the appellant's motion for rehearing en banc on the issue of unnecessary surgery.

The primary problem with the panel opinion is that Billy Lee Neeble filed a lawsuit against Dr. Raul Sepulveda for performing unnecessary surgery and against Houston Northwest Medical Center for permitting Dr. Sepulveda to continue using its facilities when it knew the doctor was performing unnecessary surgery. The panel opinion treats the case as a medical malpractice case for failure to obtain informed consent from Neeble about the risks of surgery and then dismisses Neeble's claims for unnecessary surgery as redundant of the lack of informed consent. It is clear from Neeble's petition that his main complaint was for unnecessary surgery.

The panel opinion holds that unnecessary surgery is not harmful. (See footnote four and related text.) I disagree. The panel opinion holds that the submission of a negligence question, without any instruction regarding battery, unnecessary surgery, or informed consent, somehow encompasses those issues. (See the panel opinion's discussion of points of error 14 and 15.) Again, I disagree.

The panel opinion avoids the main issue in the case—did Neeble state a cause of action against the defendants for unnecessary surgery? The answer is yes. For support of that, we need look no further than Neeble's original petition, where we find the following allegations:

## II. Nature of this Suit

This suit is brought by plaintiff for damages, actual and punitive, which may be awarded by the jury in connection with the acts, conduct or omissions of the defendants, jointly and severally, in connection with the allegations and theories of recovery alleged herein.

The malpractice and wrongful acts or omissions involve the medical and surgical treatments beginning in July of 1988 ... which procedures have including [sic] the following: [Chronological list of six dates with medical procedures.]

Plaintiff alleges that all of such procedures were not medically necessary or indicated and that he has suffered extensive injuries and permanent damages due to such acts.

In the next paragraph of the petition, the plaintiff explained that his suit against the hospital was for failing to "monitor the surgeries performed by Dr. Sepulveda when his past circumstances indicated that he was negligent in submitting patients to unnecessary or excessive surgeries." Thus, it is clear that Neeble's primary cause of action against the defendants was for unnecessary surgery.

For evidentiary support of Neeble's cause of action for unnecessary surgery, we have only to look to the panel's opinion, which provides the testimony of Dr. Sibley, Neeble's expert, on this issue. Because it bears repeating, I reproduce it here:

Q: In your opinion was the surgery performed by Dr. Sepulveda unnecessary?

A: Yes, I think it was unnecessary based upon the medical records.

Q: In your opinion would a responsible, reasonable, and prudent doctor in the exercise of reasonable care for a patient such as Billy Neeble have submitted him to the surgery that was performed in December of 1990?

A: No.

Q: Doctor, do you have an obligation as a member of the medical profession under the circumstances of Dr. Sepulveda to treat a patient ethically and to be honest with the patient?

A: Certainly.

Q: Would you consider that—the surgery under the facts of this case to be unethical conduct on the part of Dr. Sepulveda?

A: Yes.

Thus, Neeble was entitled to ask the jury if the surgery that Dr. Sepulveda performed on him was unnecessary and whether Dr. Sepulveda properly informed him of the risk of the unnecessary surgery.

This case should be reversed for trial of those issues.